SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00061-IM** |
| **v.** | **GOVERNMENT'S MEMORANDUM IN RESPONSE TO SUPPORT CONTINUED PRETRIAL DETENTION** |
| **HERBERT STREETER,** | |
| **Defendant.** | |

The United States of America seeks Defendant's continued detention as his performance on pretrial release was a complete failure.

### I.    FACTUAL SUMMARY

On February 10, 2025, Multnomah County Sheriff's officers executed a drug distribution search warrant at the defendant's residence on NE 84th Avenue in Portland, Oregon. The defendant was read his Miranda Rights and immediately confessed. He admitted that his drug dealing, "has gotten out of hand" and that he sold cocaine and fentanyl to people in the neighborhood. He pointed out to the deputies that he stored his drugs in a vintage Coca-Cola vending machine. Deputies opened the machine and located a large amount of money,

**Government's Memo in Support of Continued Pretrial Detention**                    **Page  1**

distribution amounts of cocaine and fentanyl, body armor and six firearms, including a drum

magazine. Pictures of the seizures are below.

 



**Government's Memo in Support of Continued Pretrial Detention**          **Page  2**

After the deputies located the firearms, they asked the defendant about the possession of the firearms. He admitted all the firearms were his and that he needed the guns for protection because he was recently robbed of drugs and money.

## II.    DEFENDANT'S CONVICTIONS

| Date | Location | Charges | Sentence |
|---|---|---|---|
| 9/26/2016 | Clackamas County | Conspiracy to Delivery Controlled Substances | 46 months imprisonment |
| 3/15/2015 | Multnomah County | PCS Heroin | 60 days imprisonment |
| 3/25/2015 | Multnomah County | PCS Heroin | 12 months imprisonment |
| 12/20/2012 | Multnomah County | Delivery of Heroin | 14 months imprisonment |
| 8/31/1990 | Multnomah County | DWS | 6 months imprisonment |
| 7/18/1983 | Multnomah County | Escape 2 | 2 years imprisonment |
| 4/4/1982 | Multnomah County | Habitual Traffic Offender | 1 year imprisonment |
| 6/12/1981 | Multnomah County | Forgery 1 | 5 years imprisonment |
| 4/8/1981 | Multnomah County | Obstructing Investigation | 5 years imprisonment |

Defendant's criminal history dates back to 1981 and he's been sentenced to prison sentences six times. After receiving a 46-month prison sentence in 2016, the defendant once again returned to drug trafficking.

**Government's Memo in Support of Continued Pretrial Detention**        **Page  3**

### III.    PROCEDURAL BACKGROUND AND FAILURES ON RELEASE

#### a.    Initial Arraignment and First Detention Hearing – February 12 and 18, 2025

On February 12, 2025, the defendant was arraigned on a Complaint, and he was detained pending a Detention Hearing on February 18, 2025. [ECF 1]. The United States opposed the defendant's release given his criminal history and the facts of the case. Judge Beckerman ruled for the defendant and allowed his release with outpatient substance abuse treatment.

#### b.    Indictment

On February 21, 2025, the defendant was indicted for Possession with Intent to Distribute Fentanyl and Cocaine, Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Felon in Possession of a Firearm. [ECF 10].

#### c.    Second Detention Hearing – April 17, 2025

On April 15, 2025, United States Pretrial Services filed a violation report and added an addendum on April 17, 2025. In the addendum report, Officer Peru wrote, "every drug test since commencing supervision has been positive for cocaine and fentanyl despite counsel services and intervention in the community." Emphasis added.

The parties appeared in front of Judge Beckerman again on April 17, 2025. The defendant admitted to the violations and the United States once again sought the defendant to be detained. Judge Beckerman allowed the defendant to once again remain out of custody pending placement into an inpatient treatment facility.

#### d.    Third Detention Hearing – May 21, 2025

On May 6, 2025, the United States was notified that a few days prior, Portland Police officers during the course of a drug investigation came across incriminating text messages with the defendant. The United States requested and received photos of the text messages showing the

**Government's Memo in Support of Continued Pretrial Detention**                    **Page 4**

defendant appeared to be distributing fentanyl while on pretrial release. The defendant's name in the contacts was "H-Streets" and the phone number was the number Pretrial Services used to contact the defendant. On May 2, 2025, the defendant sent two photographs of what appears to be individual packaged baggies of fentanyl. With the photographs, the defendant wrote, "I'm ready to get started" and "I got a gram of fetty for you." Based on the photographs and the language, the defendant was distributing drugs while on pretrial supervision.



The United States notified Pretrial Services of the violations. For an unknown reason, Pretrial Services sought a summons instead of seeking an arrest warrant. The defendant was scheduled to appear on May 21, 2025. Shortly before court, the defendant contacted his defense counsel stating that he was going to the hospital and could not come to court. The defendant was

**Government's Memo in Support of Continued Pretrial Detention**          **Page 5**

treated for a virus and high blood pressure, neither of which are serious enough conditions to miss court and go to the emergency room. The hearing was continued until the following day.

### e.  Fourth Detention Hearing – May 22, 2025

The defendant did not appear on May 22, 2025 either. He claimed he was still not feeling well and needed to return to the hospital. The United States argued the defendant was not actually suffering from a medical emergency (other than being sick about going to jail) and the defendant was using his health as a ruse to avoid going into custody. Judge Armistead agreed with the United States and issued a warrant for the defendant's arrest.

### f.  Fifth Detention Hearing – June 4, 2025

Despite being told of the warrant, the defendant did not turn himself in. The defendant was arrested on the warrant on June 3, 2025. During the arrest, the defendant once again feigned a medical emergency, but the Marshals understood the defendant's previous successful attempts to avoid going into custody. The defendant made an appearance in front of Judge Russo on June 4, 2025. The defendant against sought his release to inpatient treatment, but his request of denied.

### g.  Sixth Detention Hearing – August 1, 2025

The defendant sought his release, *again*. This time he appeared in front of Judge Jelderks on August 1, 2025. The defendant obtained a new substance abuse evaluation, which recommended inpatient treatment. The United States argued this was not new information, as the defendant was previously found to need inpatient treatment back in April 2025. Judge Jelderks denied the defendant's release and the defendant now seeks review of Judge Jelderks' decision.

The defendant now appeals Judge Jelderks' decision to deny his release. =

**Government's Memo in Support of Continued Pretrial Detention**                    **Page 6**

### IV.    APPLICABLE LAW

#### a.  Standard of Review

Review of a magistrate judge's release order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).   However, the court "is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id*. at 1193.   Rather, the court should "review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*.

#### b.  Rebuttable Presumption and Other Considerations

A defendant shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."   18 U.S.C. § 3142(e).   The government bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need be proven by a preponderance of the evidence.   *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where, as here, there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c), there exists a rebuttable presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C.A. § 3142(e).

Even when rebutted, however, the presumption does not disappear; it continues to carry evidentiary weight. "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *United States v.*

**Government's Memo in Support of Continued Pretrial Detention**          **Page  7**

*Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).   Other

relevant factors include (1) the nature and circumstances of the offense charged, including

whether the offense is a crime of violence or involves a minor victim; (2) the weight of the

evidence against the person; (3) the history and characteristics of the person, including the

person's character, physical and mental condition, family and community ties, employment,

financial resources, past criminal conduct, history relating to drug or alcohol abuse, and

supervision status at the time of the current offense; and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the defendant's release.   18

U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The Federal Rules of Evidence do not apply in pretrial detention proceedings.   Fed. R.

Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B). Accordingly, both the government and the defense

may present evidence by proffer or hearsay.   *Winsor*, 785 F.2d at 756.

## V.  <u>DEFENDANT IS A DANGER AND A FLIGHT RISK</u>

No release conditions will reasonably assure community safety and no combination of

conditions that can reasonably assure defendant's appearance.   The defendant's performance on

pretrial release show that he is not amenable to pretrial conditions. Defendant has not overcome

the rebuttable presumption that he is a danger and a risk of non-appearance and that no

combination of conditions of release will reasonably assure protection against either.

### a.   The Nature & Circumstances of this Offense, 3142(g)(1)

Defendant is charged with drug trafficking and the involvement of firearms, as the

defendant admitted that dealing drugs is a dangerous business. Dealing controlled substances,

especially fentanyl are dangerous activities by themselves. The steps the defendant took to

protect himself in this dangerous business are heightened because he did not obtain only one or

**Government's Memo in Support of Continued Pretrial Detention**                    **Page  8**

two firearms. He obtained six firearms, body armor and a drum magazine. This was someone prepared to go to war to protect his drugs and his proceeds.

The factor favors detention.

**b.   The Weight of the Evidence, 3142(g)(2)**

The defendant fully confessed to his drug trafficking and the purpose for possessing firearms. The evidence against the defendant is overwhelming and leads toward detention.

**c.   Defendant's History & Characteristics, 3142(g)(3)**

The defendant has a lengthy criminal history, but shows he continues to return to distributing drugs. He is not someone that has show any modicum of wanting to return to a law-abiding life. Rather, he has shown that he will do just about anything to try to remain out of custody, including lying about medical issues to avoid arrest.

**d.   Nature & Seriousness of the Danger Posed by Defendant's Release, 3142(g)(4)**

The defendant has shown that he either cannot or will not abide by the court ordered conditions. He has never provided a negative urinalysis test during this case while on pretrial release. Instead, he returned to distributing drugs, as shown by his number and text messages popping up in a separate investigation. Dealing fentanyl is extremely dangerous and something he readily returned to.

The defendant argues that he did attend outpatient treatment a few times and that shows he is amenable to release. Such an argument completely ignores the fact he was readily using and distributing drugs while attending outpatient treatment. From the United States point of view, the defendant's continued involvement in the drug distribution business is an aggravating fact while he was going through the motions of outpatient treatment. This factor once again favors detention.

## VI.    <u>CONCLUSION</u>

This Court should do what Judge Beckerman did not do at his first detention hearing, decline to release him. Likely due to his age, this defendant was given numerous chances to succeed while on release and failed at every step. For the safety of the community and to save him from himself, the defendant should remain detained.


Dated:   August 6, 2025

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Lewis S. Burkhart*
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney